**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| The Pinal Creek Group, et al., ) | No. CV-91-1764-PHX-DAE (LOA) |
| Plaintiffs, ) | **ORDER** |
| vs. ) | |
| Newmont Mining Corp., et al., ) | |
| Defendants. ) | |

This matter arises on numerous motions *in limine* filed by the parties to this litigation in anticipation of the bench trial on Phase II of this matter. The parties have collectively filed 19 motions *in limine*. (docket #s 1777, 1785, 1786, 1788, 1790, 1791, 1792, 1793, 1794, 1795, 1796, 1797, 1798, 1799, 1800, 1801, 1802, 1803, and 1804). The Court will rule on the merits of one of these motions which concerns the release of sealed information in due course. (docket # 1796; Canadian Oxy's Motion For Access To All Court Records Regarding Norris and Fetter) The Court will, however, deny the remainder of the motions *in limine* without prejudice to objecting to the challenged evidence or witness during the Phase II trial to the bench and will do so at this time to eliminate unnecessary briefing and expense on the subject motions.

## **ANALYSIS**

This matter is being tried in several phases. The pending motions *in limine* pertain to witnesses, opinions, exhibits and other evidence that may be offered in evidence during Phase II which will be tried to the Hon. David A. Ezra, not a jury. A motion *in limine* is "[a] pretrial

request that certain inadmissible evidence not be referred to or offered at trial." Black's Law Dictionary, 1038 (8th Ed. 2004). Motions *in limine* are useful because they allow for the pre-trial resolution of evidentiary disputes without having to present potentially prejudicial evidence in front of a jury. Brodit v. Cambra, 350 F.3d 985, 1004 (9th Cir. 2003) (Berzon, J., dissenting)(citations omitted). Motions *in limine* "avoid the obviously futile attempt to 'unring the bell'" once the evidence has been presented before the jury. Id. at 1005 (quoting Kelly v. New W. Fed. Savs., 49 Cal.App.4th 659, 56 Cal.Rptr.2d 803, 808 (1996)). Federal Rule of Evidence 103 authorizes a district court to make "a definitive ruling on the record admitting or excluding evidence, either at or before trial." Fed.R.Evid. 103. "Rule 103 does not require a court to rule on a motion *in limine*." CFM Communications, LLC v. Mitts Telecasting Company, 424 F.Supp.2d 1229, 1233 (9th Cir. 2005). When presented with a pretrial motion *in limine*, the trial court is forced "to decide the merits of introducing a piece of evidence without the benefit of the context of trial." Id. (citing United States v. Marino, 200 F.3d 6, 11 (1st Cir. 1999) (recognizing that proffered evidence can be more accurately assessed in the context of other evidence.).

As previously stated, the Phase II issues will be tried to the bench. Thus, the rationale underlying pretrial motions *in limine* — keeping potentially prejudicial information from the jury does not apply. Judges are presumed to disregard inadmissible evidence and rely on competent evidence. Plummer v. Western International Hotels Company, Inc., 656 F.2d 502, 505 (9th Cir. 1981)(citing E. Cleary, McCormick on Evidence § 60, at 137 (2d ed. 1972)). In view of the complexity of the issues in this case, the trial judge is better able to assess the admissibility of evidence and witnesses in the context of the bench trial upon appropriate and timely objection at the time of trial rather than four months or so before trial. The Court, therefore, will deny the pending motions *in limine* except one without prejudice at this time. Proceeding in this fashion will benefit, rather than prejudice, the parties because after the filing of the detailed Final Pretrial Order and hearing opening statements, the trial judge will have more information and understanding regarding the evidentiary issues at trial and will be better able to rule upon the admissibility of evidence and objections at that time.

1   Accordingly,

2   **IT IS HEREBY ORDERED** that the following Motions *in Limine* are **DENIED**
3   without prejudice:  docket. #s 1777, 1785, 1786, 1788, 1790, 1791, 1792, 1793, 1794, 1795,
4   1797, 1798, 1799, 1800, 1801, 1802, 1803, 1804.

5   **IT IS FURTHER ORDERED** that the parties shall timely file Responses and
6   a Reply to Canadian Oxy's Motion For Access To All Court Records Regarding Norris and
7   Fetter etc. (docket # 1796), filed on June 23, 2006.

8   DATED this 26th day of June, 2006.

Lawrence O. Anderson
United States Magistrate Judge